PER CURIAM.
Appellee-plaintiff Truett purchased a credit life policy of insurance in connection with a remodeling agreement of his home with Fisher Hardware Company. Fisher arranged financing and according to Fisher, Truett purchased disability and death insurance benefits ■ at the time of closing the transaction. Fisher, as agent for Old Republic, issued the policy of insurance which provides that for an additional premium and subject to the limitations contained therein, the Company “agrees to indemnify the insured Debtor against loss of time due to total and permanent disability.” Subsequent to the issuance of the policy, Truett contended that he became totally disabled and filed a claim with Republic for disability benefits, which claim Republic rejected. Pursuant to a jury verdict, judgment was entered in favor of Truett.
By this appeal, Republic basically challenges the sufficiency of the evidence to support the jury verdict as to: 1) Payment by the debtor of an additional premium for disability benefits, and 2) that the .uncon-tradicted evidence is that Truett was totally disabled at the time he purchased the policy, which fact activated an exclusionary clause.
As to the first point, an employee of Fisher, who was in charge of calculating premiums and issuing on behalf of Republic policies of insurance, testified that at Truett’s request she assessed a premium for both life insurance and disability. The jury was privileged to believe this witness as apparently it did. The record discloses that Truett claimed and collected Social Security benefits for disability within a short period of time after purchasing the subject policy of insurance and that retroactive benefits were paid the month in which Truett purchased said policy. No medical testimony or other evidence was presented to the jury as to Truett’s alleged disability at the time he purchased the policy. We decline to hold, as a matter of law, that collection by Truett of Social Security disability benefits rendered Truett “permanent and totally disabled” within the meaning of the policy’s exclusionary clause.
Affirmed.
RAWLS, C. J., JOHNSON, J., and SMITH, LARRY G., Associate Judge, concur.